# EXHIBIT A-14

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADAM FERRARI,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM FRANCIS,<br><br>Defendant. | Civil Action No. 3:23-cv-00455-S |

## LION OF JUDAH CAPITAL, LLC'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SUBPOENA FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, non-party Lion of Judah Capital, LLC ("Lion of Judah") hereby responds to Defendant William Francis' ("Defendant") Subpoena to Produce Documents (the "Subpoena"), dated April 3, 2024.

## GENERAL OBJECTIONS

Lion of Judah makes the following General Objections in response to the document requests in the Subpoena (the "Requests"):

1. Lion of Judah objects to all Requests to the extent that they seek documents or information in the possession, custody or control of either Defendant or Plaintiff Adam Ferrari, since seeking the production of such documents and information from Lion of Judah, a non-party, is improper, unduly burdensome, vexatious, harassing and oppressive.

2. Lion of Judah objects to any Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other common law or statutory privilege or protection, including common interest or joint defense privileges or protections, or seeks other information that is otherwise protected from discovery or disclosure. Nothing

1

contained in these responses is intended to be nor should be considered to be a waiver of any attorney-client communication privilege, common interest privilege or protection, work-product privilege or protection, or any other applicable privilege, protection or doctrine, and to the extent that any Request may be construed as calling for disclosure of information, documents, and/or things protected by such privileges or doctrines, a continuing objection to each and every such Request is asserted. Lion of Judah will provide information which it believes is non-privileged and is otherwise properly discoverable.

3. Lion of Judah objects to the Requests to the extent they seek to impose duties and obligations greater than duties and obligations under the Federal Rules of Civil Procedure, and under all other applicable rules.

4. Lion of Judah objects to the Requests to the extent they are vague, ambiguous, unduly burdensome, overbroad, oppressive, duplicative, or not limited to the discovery of information, which is relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence, particularly where the Request for production is unduly burdensome in light of the cost necessary for a non-party to investigate, collect, review and produce documents as weighed against Defendant's need for and the relevance of the requested information.

5. Lion of Judah objects to all Requests to the extent they seek information readily available through public sources or records, on the grounds that such a request unreasonably subjects Lion of Judah to undue burden and expense.

6. The foregoing objections and qualifications apply to the responses contained herein and are incorporated by reference into each of the specific responses set forth below as though fully set forth therein. The failure to mention any of the foregoing objections and

qualifications in a specific response below is not intended to waive, and shall not be deemed a waiver of, any such objection or qualification.

Without limiting the breadth and general application of these objections and qualifications, Lion of Judah further objects and responds to the Requests as follows:

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:**

All documents evidencing, relating, or referring to your formation or governing documents including, but not limited to, fully executed copies as well as all amendments of your Certificate of Formation, Limited Liability Agreements (fully executed copies and all amendments thereto), Articles of Organization, Shareholder Agreements, Bylaws, Operating Agreements, and any documents provided to or received from the Secretary of State for each state where you are registered to do business.

**RESPONSE TO REQUEST NO. 1:**

Lion of Judah objects to this Request on the grounds that it is overly broad and unduly burdensome, including because it seeks, without limitation, "All documents" that in any way "relat[e]" to Lion of Judah's "formation or governing documents." Lion of Judah further objects that this Request is not reasonably calculated to lead to the discovery of relevant evidence, because Lion of Judah's formation and governance is not relevant to the claims and allegations at issue in this action. Lion of Judah further objects to this Request insofar as it seeks documents or information available from a more convenient, less burdensome, or less expensive source than Lion of Judah, such as publicly available sources. Lion of Judah further objects to this Request on the grounds that it seeks documents that are subject to the attorney-client privilege. Subject to the foregoing objections, Subject to these objections, Lion of Judah is willing to meet and confer

3

with Defendant regarding this Request to determine whether there is a non-objectionable universe of potentially relevant documents for which Lion of Judah Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST NO. 2:**

All documents evidencing, relating, or referring to the formation and governing documents for any entity (a) in which you have ever held any equity interest; (b) to which you contributed any or equity or capital; (c) from which you received any equity or capital contribution; (d) for which you are manager, operator, or member; or (d) from or to which you make or receive distributions, profits or income.

**RESPONSE TO REQUEST NO. 2:**

Lion of Judah objects to this Request on the grounds that it is overly broad, unduly burdensome, including because it seeks, without limitation, "All documents" that in any way "relat[e]" to "formation or governing documents" for the subject entities. Lion of Judah further objects that this Request is not reasonably calculated to lead to the discovery of relevant evidence, because the formation and governance of "any entity" encompassed by this Request is not relevant to the claims and allegations at issue in this action. Lion of Judah further objects to this Request insofar as it seeks documents or information available from a more convenient, less burdensome, or less expensive source than Lion of Judah, such as the parties or publicly available sources. Lion of Judah further objects to this Request on the grounds that it seeks documents that are subject to the attorney-client privilege. Subject to these objections, Lion of Judah is willing to meet and confer with Defendant regarding this Request to determine whether

there is a non-objectionable universe of potentially relevant documents for which Lion of Judah Plaintiff may conduct a reasonable and diligent search of reasonably accessible materials.

**REQUEST NO. 3:**

Documents that describe or identify Your operations, if any, corporate structure, or capitalization.

**RESPONSE TO REQUEST NO. 3:**

Lion of Judah objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant evidence, including because non-party Lion of Judah's operations, corporate structure, and capitalization are not relevant to the claims and allegations at issue in this action. Lion of Judah further objects to this Request insofar as it seeks documents or information available from a more convenient, less burdensome, or less expensive source than Lion of Judah, such as the parties to this action and/or publicly available sources. Based on the foregoing, Lion of Judah will not search for or produce documents in response to this Request.

**REQUEST NO. 4:**

Documents that identify all of your past and current owners, members, or managers.

**RESPONSE TO REQUEST NO. 4:**

Lion of Judah objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant evidence, including because the identities of non-party Lion of Judah's owners, members, or managers are not relevant to the claims and allegations at issue in this action. Lion of Judah further objects to this Request insofar as it seeks documents or information available from a more convenient, less burdensome, or less expensive source than Lion of Judah, such as the parties to this action and/or

publicly available sources. Based on the foregoing, Lion of Judah will not search for or produce documents in response to this Request.

**REQUEST NO. 5:**

Documents that evidence any membership, ownership (beneficial, equitable or otherwise), voting, or other interest or rights which you or any of your members or owners hold in Phoenix, Lion of Judah, LLC or Alpha & Omega Capital, LLC.

**RESPONSE TO REQUEST NO. 5:**

Lion of Judah objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant evidence, including because it seeks information regarding persons and entities with no involvement in the claims and allegations at issue in this action. Lion of Judah further objects to this Request insofar as it seeks documents or information available from a more convenient, less burdensome, or less expensive source than Lion of Judah, such as the parties to this action and/or publicly available sources. Based on the foregoing, Lion of Judah will not search for or produce documents in response to this Request.

**REQUEST NO. 6:**

Documents that evidence any membership, ownership (beneficial, equitable or otherwise), voting, or other interest or rights Phoenix, Lion of Judah, LLC or Alpha & Omega Capital, LLC or any of their owners, members, or founders hold in you.

**RESPONSE TO REQUEST NO. 6:**

Lion of Judah objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant evidence, including because the identities of those with voting "or other interest or rights" in Lion of Judah

6

are irrelevant to the claims and allegations at issue in this action. Lion of Judah further objects to this Request insofar as it seeks documents or information available from a more convenient, less burdensome, or less expensive source than Lion of Judah, such as the parties to this action and/or publicly available sources. Based on the foregoing, Lion of Judah will not search for or produce documents in response to this Request.

**REQUEST NO. 7:**

All documents related to ownership, formation, control, governance, investment, equity, or interest you hold in any other entity if Ferrari, Daniel Ferrari, Phoenix, Lion of Judah, LLC or Alpha & Omega Capital, LLC also hold any equity, voting or beneficial interest, are managers, members, or otherwise participated in the creation of such entity.

**RESPONSE TO REQUEST NO. 7:**

Lion of Judah objects to this Request on the grounds that it is overly broad, unduly burdensome, including because it seeks, without limitation, "All documents" in any way "related to" the "ownership, formation, control, governance, investment, equity, or interest" of the subject entities. Lion of Judah further objects that this Request is not reasonably calculated to lead to the discovery of relevant evidence, because the formation and governance of any entities encompassed by this Request is not relevant to the claims and allegations at issue in this action. Lion of Judah further objects to this Request insofar as it seeks documents or information available from a more convenient, less burdensome, or less expensive source than Lion of Judah,

such as the parties to this action and/or publicly available sources. Based on the foregoing, Lion of Judah will not search for or produce documents in response to this Request.

**REQUEST NO. 8:**

Documents that evidence, refer, or relate to the origin of any capital you received, directly or indirectly, from Ferrari.

**RESPONSE TO REQUEST NO. 8:**

Lion of Judah objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, including because it seeks, without limitation, any documents that in any way "relate to the origin" of capital that Lion of Judah may have "directly or indirectly" received from Plaintiff. Lion of Judah further objects that this Request is not reasonably calculated to lead to the discovery of relevant evidence, because the origin of any such capital is not relevant to the claims and allegations at issue in this action. Lion of Judah further objects to this Request insofar as it seeks documents or information available from a more convenient, less burdensome, or less expensive source than Lion of Judah, such as parties to this action. Based on the foregoing, Lion of Judah will not search for or produce documents in response to this Request.

**REQUEST NO. 9:**

Documents that evidence, refer, or relate to any capital you provided, directly or indirectly, to Phoenix, Lion of Judah, LLC or Lion of Judah Capital, LLC.

**RESPONSE TO REQUEST NO. 9:**

Lion of Judah objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, including because it seeks, without limitation, any documents that in any way "relate to" any capital that Lion of Judah may have "directly or indirectly"

8

provided to the subject entities. Lion of Judah further objects that this Request is not reasonably calculated to lead to the discovery of relevant evidence, because information regarding any "capital" Lion of Judah may have provided to the subject entities has no relevance to the claims and allegations at issue in this action. Lion of Judah further objects to this Request as nonsensical to the extent it seeks documents related to capital that Lion of Judah provided to Lion of Judah. Based on the foregoing, Lion of Judah will not search for or produce documents in response to this Request.

**REQUEST NO. 10:**

Documents evidencing, referring or relating to any distribution, profit, payment, transfer, assignment or conveyance of any form of asset, including intangible assets, to (a) Ferrari; (b) Lion of Judah, LLC, (c) Phoenix; (d) Alpha & Omega Capital, LLC.

**RESPONSE TO REQUEST NO. 10:**

Lion of Judah objects to this Request on the grounds that it is overly broad, unduly burdensome, including because it seeks, without limitation, any documents that in any way "relat[e] to" any "assets" that Lion of Judah may have provided to the subject individuals or entities. Lion of Judah further objects that this Request is not reasonably calculated to lead to the discovery of relevant evidence, because information regarding any "assets" Lion of Judah may have provided to the subject individuals or entities has no relevance to the claims and allegations at issue in this action. Lion of Judah further objects to this Request insofar as it seeks documents or information available from a more convenient, less burdensome, or less expensive source than

9

Lion of Judah, such as the parties to this action. Based on the foregoing, Lion of Judah will not search for or produce documents in response to this Request.

**REQUEST NO. 11:**

Any document you provided to Phoenix for inclusion or discussion in any document or information Phoenix filed with or provided to the SEC.

**RESPONSE TO REQUEST NO. 11:**

Lion of Judah objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant evidence, including because whether or not Lion of Judah may have provided documents to Phoenix in connection with any of Phoenix's filings or communications to the SEC has no relevance to the claims and allegations at issue in this action. Lion of Judah further objects to this Request insofar as it seeks documents or information available from a more convenient, less burdensome, or less expensive source than Lion of Judah, such as the parties to this action and/or publicly available sources. Lion of Judah further objects to this Request on the grounds that it seeks documents that are subject to the attorney-client privilege and/or work product doctrine. Based on the foregoing, Lion of Judah will not search for or produce documents in response to this Request.

**REQUEST NO. 12:**

Any document you provided directly or indirectly (including through Phoenix) to any financial institution, if provided in connection with a loan or financing sought by Phoenix.

**RESPONSE TO REQUEST NO. 12:**

Lion of Judah objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant evidence,

including because whether or not Lion of Judah may have provided documents to Phoenix in connection with any of Phoenix's financing activities has no relevance to the claims and allegations at issue in this action. Based on the foregoing, Lion of Judah will not search for or produce documents in response to this Request.

**REQUEST NO. 13:**

Any document filed or served by You or on Your behalf with any regulatory or government entity, including but not limited to, any Secretary of State, the IRS, the SEC, any state, county, or municipal entity.

**RESPONSE TO REQUEST NO. 13:**

Lion of Judah objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant evidence, including because it broadly seeks "Any document" that non-party Lion of Judah has ever filed with "any regulatory or government entity" for a five-year period, without even attempting to limit the request to documents, if any, that are arguably relevant to the claims and allegations at issue in this action. Lion of Judah further objects to this Request insofar as it seeks documents or information available from a more convenient, less burdensome, or less expensive source than Lion of Judah, such as publicly available sources. Based on the foregoing, Lion of Judah will not search for or produce documents in response to this Request.

**REQUEST NO. 14:**

All documents that evidence, refer, or relate to any assets transferred to You, directly or indirectly through any other person or entity, by Ferrari.

11

**RESPONSE TO REQUEST NO. 14:**

Lion of Judah objects to this Request on the grounds that it is overly broad, unduly burdensome, including because it seeks, without limitation, "All documents" that in any way "relate" to any "assets" Lion of Judah may have received "directly or indirectly" from Plaintiff. Lion of Judah further objects that this Request is not reasonably calculated to lead to the discovery of relevant evidence, because the "direct or indirect" transfer of assets from Plaintiff to Lion of Judah has no relevance to the claims and allegations at issue in this action. Lion of Judah further objects to this Request insofar as it seeks documents or information available from a more convenient, less burdensome, or less expensive source than Lion of Judah, such as the parties to this action. Based on the foregoing, Lion of Judah will not search for or produce documents in response to this Request.

**REQUEST NO. 15:**

All communications referencing or referring to the Lawsuit.

**RESPONSE TO REQUEST NO. 15:**

Lion of Judah objects to this Request on the grounds that it is overly broad and unduly burdensome, including because it seeks, without limitation, "All communications" that refer to this action. Lion of Judah further objects to this Request insofar as it seeks documents or information available from a more convenient, less burdensome, or less expensive source than Lion of Judah, such as the parties to this action. Lion of Judah further objects to this Request on the grounds that it seeks documents that are subject to the attorney-client privilege and/or the work product doctrine. Based on the foregoing, Lion of Judah will not search for or produce documents in response to this Request.

Dated: April 17, 2024

Respectfully submitted,

/s/ *John T. Ryan*
John T. Ryan *(pro hac vice)*
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
jake.ryan@lw.com

Andrew R. Gray (*pro hac vice*)
LATHAM &WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
andrew.gray@lw.com

Garrett S. Long (*pro hac vice*)
LATHAM &WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
garrett.long@lw.com

James O. Crewse
Texas Bar No. 24045722
CREWSE LAW FIRM PLLC
5919 Vanderbilt Ave
Dallas, TX 75206
Telephone: (214) 394-2856
jcrewse@crewselawfirm.com

*Attorneys for Plaintiff Adam Ferrari*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April 2024, a true and correct copy of the foregoing document was served by electronic mail to the designated counsel of record in the above-captioned action.

Dated: April 17, 2024            */s/ John T. Ryan*
                                                       John T. Ryan